Rowdy B. Meeks, Kansas Bar No.16068*
**Rowdy Meeks Legal Group LLC**
8201 Mission Road, Suite 250
Prairie Village, Kansas 66208
Tel:  (913) 766-5585
Fax:  (816) 875-5069
Rowdy.Meeks@rmlegalgroup.com
www.rmlegalgroup.com
*pro hac vice* motion forthcoming
Attorneys for Plaintiff

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **KATHERINE KUZICH**, On Behalf of Herself and All Others Similarly Situated, | No. CV-17-___-___-___ |
| Plaintiff, | |
| vs. | COLLECTIVE ACTION COMPLAINT |
| **HOMESTREET BANK and HOMESTREET HOME LOAN CENTER CO.** | |
| Defendants. | |

Plaintiff Katherine Kuzich, on behalf of herself and all others similarly situated, by and through counsel, for her Complaint against Defendants HomeStreet Bank and HomeStreet Home Loan Center Co. (collectively as "HomeStreet" or "Defendants") states as follows:

### PRELIMINARY STATEMENT

1.    Plaintiff Katherine Kuzich is a former Processor for HomeStreet. She processed mortgage loans other HomeStreet employees sold to individual consumers. HomeStreet treated her and other Processors as non-exempt employees, and did not pay them minimum wage and/or overtime for all hours worked over 40 per week.

2.   HomeStreet is one of the largest community banks in the United States.  As of June 30, 2017, HomeStreet had $6.6 billion in assets, 2,542 equivalent full-time employees, and 112 deposit branches and lending centers in the western United States. https://www.homestreet.com/everythingelse/about-us.

3.   This is a collective action brought by Individual and Representative Plaintiff Katherine Kuzich on her own behalf and on behalf of the proposed class. Plaintiff and the putative class members are or were employed by HomeStreet as "processors," "senior processors," and in similar job titles, and were denied minimum wage and/or overtime compensation as required by federal wage and hour laws. These employees are similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

4.   The FLSA Collective is made up of all persons who are, have been, or will be employed by Defendants as "processors," "senior processors," or similar job titles (collectively as "Processors"), within the United States at any time within the last three years through the date of final disposition of this action (the "Collective Period").

5.   During the Collective Period, Defendants failed to pay minimum wage and/or overtime compensation to each member of the respective class as required by federal and state law. Plaintiff seeks relief for the FLSA Collective under the FLSA to remedy Defendants' failure to pay all wages due, pay appropriate minimum wage and/or overtime compensation, and maintain and distribute accurate time records, in addition to injunctive relief.

6.   HomeStreet's policy and practice is to deny earned wages including minimum wage and/or overtime pay to its Processors. In particular, HomeStreet requires these employees to perform work in excess of forty (40) hours per week, but fails to pay them minimum

wages and/or overtime compensation for all hours worked.

7.   HomeStreet also paid Processors a bonus per loan file closed accurately, but HomeStreet refused to include this bonus in Processors' regular rate of pay for overtime calculation purposes.

8.   HomeStreet's deliberate illegal treatment of its Processors which denies them minimum wage and/or overtime compensation results in HomeStreet violating the FLSA, and state wage and hour laws.

9.   Plaintiff will add Rule 23 claims under state wage and hour laws as this case progresses.

## **PARTIES**

10.  Plaintiff Kuzich currently resides in North Carolina. HomeStreet employed Plaintiff Kuzich as a Processor / Senior Processor from approximately November 2014 through April 2015 at Defendants' offices located in Phoenix, Arizona.  Plaintiff's consent to become a Party Plaintiff pursuant to 29 U.S.C. § 226(b) is attached as an exhibit.

11.  Defendant HomeStreet Home Loan Center, Co. is a Washington corporation with its principal office located at 601 Union St. #2000, Seattle, WA 98101. HomeStreet Home Loan Center, Co. is a wholly owned subsidiary of HomeStreet Bank.  HomeStreet Home Loan Center, Co. conducts business in this judicial district and nationwide thru the internet and other media.

12.  Defendant HomeStreet Bank is a Washington bank with its principal office located at 601 Union St. #2000, Seattle, WA 98101.  HomeStreet Bank conducts business in this judicial district and nationwide thru the internet and other media.  Defendants HomeStreet Bank and HomeStreet Home Loan Center, Co. share the same principal office, officers and directors, human resources functions, employment and pay records,

employment policies, and other similar employment functions.

## JURISDICTION AND VENUE

13.   This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

14.   The United States District Court for the District of Arizona has personal jurisdiction because Defendants conduct business within this District.

15.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as Defendants have offices, conduct business, and can be found in the District of Arizona, and the causes of action set forth herein have arisen and occurred in part in the District of Arizona. Venue is also proper under 29 U.S.C. §1132(e)(2) because Defendants have substantial business contacts within the state of Arizona.

## FACTUAL ALLEGATIONS

16.   Defendants are a national bank that originates and services home loans. Defendants originate home loans through a network of at least 112 deposit branches and lending centers in the western United States.

17.   At all relevant times, Defendants have been an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

18.   At all relevant times, Defendants have employed, and/or continue to employ, "employee[s]," including Plaintiff and all similarly situated employees. At all relevant times, Defendants have had gross operating revenues in excess of $500,000.00 which is the threshold test for the "enterprise" requirement under the FLSA.

19.   Defendants classified Plaintiff and other Processors as non-exempt employees entitled

to minimum wage and overtime compensation.

20.   Defendants paid Plaintiff and other Processors an hourly wage plus a bonus per loan file closed based upon the accuracy of the file.

21.   Defendants, however, did not include the bonus per file it paid Processors into their regular rate of pay for any overtime compensation Defendant paid Plaintiff and/or the other Processors.

22.   Defendant uniformly applied its payment structure to all Processors.

23.   Defendant suffered and permitted Plaintiff and other Processors to work more than forty hours per week without overtime compensation for all hours worked. For example, Plaintiff and other Processors regularly worked at least five days a week. They usually began work in the early morning. In addition, Plaintiff and other Processors regularly worked into the evenings and/or and on the weekends, causing their hours worked to exceed forty in a week on a regular basis.

24.   For example, Plaintiff's schedule fluctuated from day-to-day while a Processor.  However, her regular schedule had her working Mondays through Fridays, generally from approximately 7:30 am until 6:00 pm.  Plaintiff also performed additional hours of work each week using her mobile device to send and receive business-related emails, texts, and/or phone calls. As such, during this time period, Plaintiff's regular schedule had her working an average of 50-55 hours per week.

25.   As further example, in March 2015, Plaintiff worked approximately 55-60 hours a week during that month as a Processor for Defendant performing duties which included collecting required documents for loan processing, data input, and communicating with borrowers regarding the required documents. Defendant, however, failed to pay her

overtime compensation for all of her approximately 15-20 hours of overtime work per week for those weeks that month.

26.     Defendants knew Plaintiff and other Processors worked more than forty hours in a week because Defendants expected Plaintiff and Processors to be available to receive phone calls and answer emails – from customers and from Defendants' Loan Officers and management employees – in the evenings and/or on weekends.

27.     In addition, Defendants' management employees witnessed Plaintiff and other Processors performing overtime work for which Defendants did not pay them because Defendants' management employees saw Plaintiff and other Processors in the office outside of normal working hours, and contacted them via email and telephone outside of normal working hours.

28.     Defendants uniformly denied Plaintiff and other Processors all overtime pay to which they were entitled.

29.     Defendants are in the business of selling mortgages.

30.     Plaintiff and the other Processors had the same primary duty of assisting Defendants' Loan Officers and the borrowers in the processing and closing of mortgage loans sold by Defendants.

31.     All Processors are similarly situated in that they share common job duties and descriptions, Defendants treated them as non-exempt employees at all relevant times, they were all subject to Defendants' policy and practice that failed to include the completed file bonuses into the regular rate of pay for overtime calculation purposes, and they all performed work without payment for all minimum wage and/or overtime compensation.

32.     Defendants did not keep accurate records of the hours Plaintiff and other Processors worked. Because Defendants did not pay Plaintiff and other Processors for all the hours they worked including overtime hours, Defendants' wage statements did not accurately reflect all hours Plaintiff and other Processors worked.

33.     Defendants did not provide Plaintiff and the other Processors with accurate paychecks.

34.     Defendants did not pay Plaintiff and other Processors for all of their overtime hours. Accordingly, Defendants did not provide Plaintiff and other Processors with all compensation owed to them, including their unpaid minimum wage and/or overtime, at the time they separated from the company.

35.     Defendants are aware of wage and hour laws, as evidenced by the fact that they provide minimum wage and overtime compensation to other employees who are not Processors.

36.     Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and other Processors.

## FLSA Collective

37.     Plaintiff brings Count I on behalf of herself and other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees are:

All persons who are, have been, or will be employed by Defendants as "Processors" "Senior Processors," and other individuals with similar job titles within the United States at any time during the last three years through the entry of judgment in this case ("FLSA Collective").

38.     Upon information and belief, Defendants paid Plaintiff and the FLSA Collective on a non-exempt hourly basis, and suffered and permitted them to work more than forty hours per week without payment of minimum wage and/or overtime compensation for all hours worked over 40 per week.

39.     Further, Defendants paid Plaintiff and the FLSA Collective a bonus for each closed file

based upon file accuracy.  Defendants, however, refused to include these bonuses in the regular rate of pay for overtime calculation purposes.  As such, Defendants underpaid Plaintiff and the FLSA Collective for any overtime compensation Defendants actually paid them.

40.     Defendants' requirement that Plaintiff and the FLSA Collective work off of the clock and failure to pay for all work hours over 40 per week is a uniform policy, decision, and/or plan that applies to all Processors.

41.     Further, Defendants' failure to include the bonuses paid Plaintiff and the FLSA Collective per closed loan file is a uniform policy, decision, or plan that applies to all Processors.

42.     Accordingly, Plaintiff and the FLSA Collective were subject to Defendants' policy, decision, and/or plan of failing to pay appropriate minimum wage and/or overtime compensation.

43.     Defendants' unlawful FLSA conduct has been widespread, repeated, and consistent.

44.     Upon information and belief, Defendants knew that Plaintiff and the FLSA Collective performed work that required minimum wage and/or overtime pay. Defendants required them to work long hours and weekends without the proper pay, Plaintiff and/or those similarly situated complained to Defendants about these practices, and it is common industry knowledge that Processors are non-exempt employees who must be paid for all hours worked. Defendants operated under a scheme to deprive these employees of minimum wage and/or overtime compensation by failing to properly compensate them for all hours worked.

45.     Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has

caused significant damages to Plaintiff and the FLSA Collective.

46.     Defendants are liable under the FLSA for failing to properly compensate Plaintiff and

the FLSA Collective, and as such, notice should be sent to the FLSA Collective. There

are numerous similarly situated, current and former employees of Defendants who have

been denied overtime pay in violation of the FLSA who would benefit from the issuance

of a Court supervised notice of the present lawsuit and the opportunity to join. Those

similarly situated employees are known to Defendants and are readily identifiable

through Defendants' records.


### COUNT I
**Collective Action under §216(b) of the FAIR LABOR STANDARDS**
**ACT Minimum Wage and Overtime Claims**

47.     Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint

into this count.

48.     The FLSA requires each covered employer such as Defendants to compensate all non-

exempt employees at a rate of not less than the applicable minimum wage for all hours

worked.

49.     The FLSA requires each covered employer such as Defendants to compensate all non-

exempt employees at a rate of not less than one and one-half times the regular rate of pay

for work performed in excess of forty hours per work week.

50.     The FLSA requires each covered employer such as Defendants to include all

compensation paid to employees such as the file bonuses into the employees' regular

rate of pay unless that compensation is specifically excluded.

51.     The FLSA does not exclude Defendants' file bonus payments.

52.     Plaintiff and the FLSA Collective are entitled to be paid minimum wage for all hours worked and overtime compensation for all hours worked over forty (40) per week.

53.     Defendants, pursuant to its policies and practices, failed and refused to pay minimum wage and/or overtime premiums to Plaintiff and the FLSA Collective for all of their hours worked and all hours worked over forty (40) per week.

54.     Defendants violated the FLSA, 29 U.S.C. § 201 *et seq*. by failing to compensate Plaintiff and the FLSA Collective for all minimum wage and/or overtime compensation, and by failing to include the file bonuses into Plaintiff's and the FLSA Collective's regular rate of pay.

55.     By failing to record, report, and/or preserve accurate records of hours worked by Plaintiff and the FLSA Collective, Defendants failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq*.

56.     The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

57.     Plaintiff, on behalf of herself and the FLSA Collective, seeks damages in the amount of all respective minimum wage and/or unpaid overtime compensations at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

58.     Plaintiff, on behalf of herself and the FLSA Collective seeks recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

**WHEREFORE,** Plaintiff, on behalf of herself and all members of the FLSA Collective, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b);

B.   A declaration that Defendants are financially responsible for notifying the FLSA Collective of its alleged wage and hour violations;

C. Judgment against Defendants for an amount equal to Plaintiff and the FLSA Collective's unpaid minimum and/or overtime wages at the applicable rates;

D. A finding that Defendants' conduct was willful;

E. An equal amount to the minimum wages and/or overtime wages as liquidated damages;

F. All costs and attorney' fees incurred prosecuting these claims, including expert fees;

G. Pre-judgment and post-judgment interest, as provided by law; and

H. Such relief as this Court deems just and equitable.

## Demand for Jury Trial

Plaintiff, individually and behalf of all other similarly situated, hereby demands a jury trial on all causes of action and claims with respect to which they have a right to jury trial pursuant to Federal Rule of Civil Procedure 38(b).

Dated:  August 28, 2017

Respectfully submitted,

/s/ Rowdy B. Meeks
Rowdy B. Meeks, Kansas Bar No.16068*
**Rowdy Meeks Legal Group LLC**
8201 Mission Road, Suite 250
Prairie Village, Kansas 66208
Tel:  (913) 766-5585
Fax:  (816) 875-5069
Rowdy.Meeks@rmlegalgroup.com
www.rmlegalgroup.com

*_pro hac vice_ motion forthcoming

Attorneys for Plaintiff