WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Katherine Kuzich,

    Plaintiff,

v.

Homestreet Bank, et al.,

    Defendants.

No. CV-17-02902-PHX-GMS

**ORDER**

Pending before the Court is Plaintiff Katherine Kuzich's Motion for Conditional FLSA Collective Action Certification and Notice. (Doc. 40). For the following reasons, the Motion is granted in part and denied in part.

## BACKGROUND

Defendant HomeStreet Bank provides various consumer and commercial bank services, including residential lending. As part of its operation, HomeStreet Bank employs four different levels of Loan Processors[1] with varying degrees of responsibility to assist with the processing of loan documents. HomeStreet Bank classifies Loan Processors as non-exempt, hourly employees who are eligible for overtime pay under the Fair Labor Standards Act ("FLSA").

Plaintiff Katherine Kuzich worked as a Loan Processor III for HomeStreet Bank at

---

[1] HomeStreet Bank has employees with the title "Loan Processor" and "Processor," but they have similar responsibilities and the title varies based on how HomeStreet Bank entered the position into the system. For this lawsuit, both parties collectively refer to the position as "Processor." (Doc. 42, Exh. 1 ¶ 26).

their Scottsdale, Arizona location. (Doc. 40-3 ¶ 2). Ms. Kuzich signed a declaration alleging that HomeStreet management encouraged her to process and close mortgage loans outside of normal working hours and to not report these additional hours. (Doc. 40-3 ¶¶ 10–11). Thus, HomeStreet Bank never paid Ms. Kuzich overtime for this additional work. (Doc. 40-3 ¶ 10). Based on her observations at work, Ms. Kuzich understood that other HomeStreet Processors had similar obligations after normal working hours and were not being paid for all of the overtime hours worked. (Doc. 40-3 ¶¶ 6, 12–13). At least six other employees who worked as a Processor III for HomeStreet in Arizona and California signed a nearly identical declaration, where they all declared, "I regularly worked 'off the clock' and HomeStreet did not pay me for this work," and "[m]y manager discouraged me from reporting all of my overtime hours." (Docs. 40-4 through 40–9 at ¶ 9).

On August 29, 2017, Ms. Kuzich filed a putative collective action complaint claiming relief under FLSA. (Doc. 1). She subsequently requested this Court to certify a conditional collective action under 29 U.S.C. § 216(b). (Doc. 40). Ms. Kuzich seeks to conditionally certify a class of Processors I, II, and III and Loan Processors I, II, and III who worked in HomeStreet Bank's Single Family Lending Division in the last three years.

**DISCUSSION**

**I.      Legal Standard**

An employee may bring an FLSA collective action on behalf of herself and other employees who are "similarly situated." 29 U.S.C. § 216(b). However, neither the statute nor the Ninth Circuit defines the phrase "similarly situated." To determine whether employees are similarly situated under FLSA, District courts within the Ninth Circuit generally follow a two-step approach. *Colson v. Avnet, Inc.*, 687 F. Supp. 2d 914, 925 (D. Ariz. 2010). At the first step, courts conditionally certify a collective action if the plaintiff presents substantial allegations, supported by declarations or discovery, "that the putative class members were together the victims of a single decision, policy, or

plan." *Id.* (citing *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1103 (10th Cir. 2001)) (other citations omitted); *Talavera v. Sun-Maid Growers of Cal.*, 2016 WL 1073253, at *3 (E.D. Cal. Mar. 18, 2016). If the plaintiff meets this burden, the potential members of the collective action are notified and presented the opportunity to opt-into the lawsuit. *Colson*, 687 F. Supp. 2d at 925. At the second step, which takes place after notification and discovery, defendants may move to decertify the class, and the Court revisits the question of whether the class members are similarly situated. *Id.* The second step applies a much stricter standard than the initial notification step. *Id.*

Because plaintiffs bring motions for conditional certification prior to significant opportunities for discovery, and because potential members to the collective action must opt-in, plaintiff's burden for conditional certification is light. *Prentice v. Fund for Public Interest Research, Inc.*, 2007 WL 2729187, at *2 (N.D. Cal. Sept. 18, 2007). This fairly lenient standard in the Ninth Circuit typically results in conditional certification. *Shaia v. Harvest Mgmt. Sub LLC*, 306 F.R.D. 268, 272 (N.D. Cal. 2015). "All that need be shown by the plaintiff is that some identifiable factual or legal nexus binds together the various claims of the class members in a way that hearing the claims together promotes judicial efficiency and comports with the broad remedial policies underlying the FLSA." *Wertheim v. State of Arizona*, 1993 WL 603552, at *1 (D. Ariz. Sept. 30, 1993). Plaintiffs may not, however, rely on mere allegations, but must provide some factual basis that potential plaintiffs are similarly situated. *See Shaia*, 306 F.R.D. at 272; *Velasquez v. HSBC Fin. Corp.*, 266 F.R.D. 424, 427 (N.D. Cal. 2010). Further, at this initial notification stage, "the Court is concerned only with whether a definable group of similarly situated plaintiffs exists." *Warren v. Twin Islands, LLC*, 2012 WL 346681 at *2 (D. Idaho Feb. 2, 2012). Thus, in determining whether to conditionally certify a proposed class for notification purposes only, courts do not review the underlying merits of the action. *Colson*, 687 F. Supp. 2d at 926.

///

///

**II. Analysis**

    **A. Whether Proposed Class is Similarly Situated**

        **1. Overtime Compensation Claim**

Defendant HomeStreet Bank argues that identical, perfunctory declarations cannot establish that a proposed class is similarly situated. (Doc. 42 at 8–12). The District of Arizona has previously denied certification of a FLSA class action when the supporting declarations were nearly identical, vague, conclusory, silent where one would expect important detail, and contradictory to allegations in the complaint. *Delnoce v. Globaltranz Enterprises, Inc.*, 2017 WL 4769529 at *5 (D. Ariz. Sept. 25, 2017). However, a finding that submitted declarations are "rather 'cookie-cutter' . . . alone is not a basis upon which to deny" a FLSA class action. *Baughman v. Roadrunner Communications LLC*, 2012 WL 12937133 at *3 (D. Ariz. Sept. 27, 2012) (citing *Bollinger v. Residential Capital, LLC*, 761 F. Supp. 2d 1114, 1120 (W.D. Wash. 2011) ("But at this stage, under a lenient standard, the use of similarly worded or even 'cookie cutter' declarations is not fatal to a motion to certify an FLSA collective action.")). Therefore, at this stage in the conditional certification analysis, courts are less concerned about the cookie-cutter nature of the declarations, and more concerned about whether the declarations include sufficient, non-contradictory details to support a finding that the putative class is similarly situated.

The supporting declarations in Ms. Kuzich's motion support a finding under the lenient standard "that the putative class members were together the victims of a single decision, policy, or plan." *Colson v. Avnet, Inc.*, 687 F. Supp. 2d 914, 925 (D. Ariz. 2010). The FLSA requires employers to pay employees "not less than one and one-half times the regular rate" for "a workweek longer than forty hours." 29 U.S.C. § 207(a)(2). Each of the declarations states that HomeStreet management in the Single Family Lending Division requires Processors to be in the office from 9:00 a.m. to 5:00 p.m. from Monday through Friday. Beyond this forty-hour work week, the declarations all allege that HomeStreet provides Processors with portable laptops to respond to requests in the

evening because "HomeStreet's mortgage customers are working professionals who have limited availability during normal business hours." (Docs. 40-4 through 40–9 at ¶ 10). Thus, HomeStreet encouraged Processors "to facilitate the processing and closing of loans" "outside of normal business hours," and HomeStreet failed to properly compensate Processors for this work. (Docs. 40-4 through 40–9 at ¶¶ 9–10). The declarations include sufficient factual detail to support a finding that Ms. Kuzich and other Processors in the Single Family Lending Division are subject to a policy or plan that fails to adequately compensate them for overtime work.

### 2. Incentive Pay and Regular Rate Claim

Ms. Kuzich also brought a claim that HomeStreet Bank failed to properly account for incentive payments in its regular rate of pay. (Doc. 1 ¶¶ 21, 31). Ms. Kuzich's declaration includes a claim that HomeStreet sent her a check because it admitted that it had failed to calculate commissions and bonuses into the overtime rate of pay. (Doc. 40-3 ¶ 9). None of the other Processors reference this issue in their declarations, and Ms. Kuzich does not otherwise describe how HomeStreet Bank inadequately compensated Processors by failing to properly account for the incentive bonus in their paycheck. Thus, Ms. Kuzich has failed to present a "factual or legal nexus" that binds together the conditional class members on the issue of incentive pay. *Wertheim v. State of Arizona*, 1993 WL 603552, at *1 (D. Ariz. Sept. 30, 1993).

### B. The Definition of the Class

Ms. Kuzich originally asked the Court to conditionally certify this class of HomeStreet employees.

> All persons who are, have been, or will be employed by Defendants as "Processors," "Processors I–IV," or in other job titles who performed similar loan processing job duties within the United States at any time during the last three years through entry of judgment in this case.

(Doc. 40 at 7). HomeStreet Bank argues that this class is flawed, particularly because it is overbroad and could refer to a variety of positions unrelated to the plaintiffs' positions

as a Processor III in the Single Family Lending Division. (Doc. 42 at 14). In her reply, Ms. Kuzich clarified that she is seeking to conditionally certify only Processors I, II, and III and Loan Processors I, II, and III in the Single Family Lending Division. (Doc. 43 at 3). HomeStreet Bank seems to concede that these positions consist of similar work and have comparable responsibilities across different offices. (Doc. 42 at 2–4, 14–16).

HomeStreet Bank adequately demonstrates that the class definition as originally proposed is overbroad and could refer to a number of positions that are not similarly situated to Ms. Kuzich or the other putative class members. For example, Ms. Kuzich has not presented any evidence in the record concerning processors in the HomeStreet Bank Commercial Divisions, Loan Servicing Processors in the Single Family Lending Division, or processor specialists in any division. Thus, Ms. Kuzich has not shown that these positions are similarly situated to Processors I–III in the Single Family Lending Division.

However, to the extent that Ms. Kuzich claims that she "seeks conditional certification of Processors I–III and Loan Processors I–III who worked in Defendants' SFL Division in the last three years,"[2] she has adequately shown that these positions are similar. HomeStreet Bank lists their job responsibilities with the same language in job postings, (Doc. 40, Exhs. H–I), HomeStreet Bank's brief describes the position as having similar responsibilities, (Doc. 42 at 3–4), and the Plaintiffs' declarations suggest that they are subject to the same policies.[3] Accordingly, in agreement with the parties' briefings,

---

[2] A cause of action for unpaid wages under the FLSA must be commenced "within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). The parties argue whether the three year statute of limitations should apply for a willful violation. The Complaint alleges a willful violation. (Doc. 1 ¶ 56). Due to the relative lack of discovery and the lenient standard for conditional class certification, the Court will apply the three year period to the notification.

[3] Without substantiating its argument, Defendants also seek to narrow the class to Processors in Arizona and California. However, a Plaintiff need not provide a declaration of an employee from every office to meet its initial burden to notify others about the conditional class. *See, e.g. Guanzon v. Vixxo Corp.*, 2018 WL 274422 at *2 (D. Ariz. Jan. 3, 2018) (certifying conditional FLSA class in all of defendant's offices based on uniform job posting, job descriptions, one additional declaration, and employee classification).

the Court certifies a more narrowly defined putative class, as defined below.

> All Processors I, II, and III and Loan Processors I, II, and III in the Single Family Lending Division who were employed by HomeStreet Bank within the Unites States at any time during the last three years through entry of judgment in this case.

### C. Notification to Potential Class Members

The parties agree about various aspects of the proposed notice. Accordingly, the Court instructs the parties to remove "Loan Processor or other like mortgage processing employee" and replace it with "Processor I, II, and III or Loan Processor I, II, or III in the Single Family Lending Division." The Court instructs the parties to remove references to minimum wage, and to replace the references to loan officers with references to loan processors as described by the Defendant. The Court also instructs the parties to add "you have the right to decide not to join this suit and the right to be free of any pressure, harassment, or other coercion from others regarding your decision" to the "What Are My Choices?" section, and to add contact information for Defense Counsel to the "Can I Get More Information" section.

The parties disagree about other aspects of the proposed notice. The Defendants requested language about the potential requirement for plaintiffs to participate in written discovery, a deposition, or a trial. *See Schiller v. Rite of Passage, Inc.*, 2014 WL 644565 at *6 (D. Ariz. Feb. 19, 2014). However, individualized discovery is rarely appropriate in FLSA collective actions, would have a chilling effect, and those who opt-in will have opportunities to withdraw if unwilling to participate in discovery. *Russell v. Swick Mining Services USA Inc.*, 2017 WL 1365081 at *5 (D. Ariz. Apr. 14, 2017). The Court will not require the parties to insert the proposed language about discovery.

HomeStreet Bank also requests the addition of a sentence that plaintiffs may be liable for attorneys' fees and costs. *See Schiller v. Rite of Passage, Inc.*, 2014 WL 644565 at *6 (D. Ariz. Feb. 19, 2014) ("Although prevailing FLSA defendants may only be awarded attorney fees in certain situations, the court agrees with defendant that

potential class members should be made aware of the possibility of having to pay defendant's attorney's fees if plaintiffs do not prevail."). Ms. Kuzich presents no contrary authority that such a notice would be inappropriate. Therefore, the Court instructs the parties to add the following to the end of the "What Happens If I Join This Lawsuit" section: "However, if HomeStreet Bank wins the case, you may be required to pay some of its attorneys' fees and costs."

The Court approves a 90-day opt-in period and allows Ms. Kuzich to distribute three mailings and three emailings. As discussed *supra* at footnote two, the Court allows notification to cover the potential three-year statute of limitations period.

## CONCLUSION

The Court conditionally certifies a class of HomeStreet Bank Loan Processors and Processors employed in the Single Family Lending Division pursuant to 29 U.S.C. § 216(b), and Ms. Kusich's Motion for Conditional Certification is granted in part and denied in part.

**IT IS HEREBY ORDERED** that the Motion for Conditional Certification (Doc. 40) is granted in part and denied in part as follows:

1. The Court conditionally certifies a collective action under 29 U.S.C. § 216(b) and permits the named Plaintiff to pursue relief with any similarly situated individual as described below:

> All Processors I, II, and III and Loan Processors I, II, and III in the Single Family Lending Division who were employed by HomeStreet Bank within the Unites States at any time during the last three years through entry of judgment in this case.

/ / /
/ / /
/ / /
/ / /
/ / /

2. Parties shall meet and confer concerning the final content and method to notify potential class members as described in this Order, as well as Defendant's production of the appropriate contact information for members of the collective action to Plaintiff, and **within thirty (30) days**, the parties shall file the proposed Notice with the Court.

Dated this 15th day of August, 2018.

*G. Murray Snow*
Honorable G. Murray Snow
United States District Judge